■ JOHN P. REILLY, Respondent, v. NATIONAL SHIPPING & TRADING CORP., Appellant.— In an action to recover wages due under a contract of employment which plaintiff, a seaman, claims the defendant breached, the defendant appeals from a judgment of the Supreme Court, Kings County, entered November 22, 1961, on the court's decision rendered on the law after trial and after the court had discharged the jury, in favor of the plaintiff for $2,552. Judgment reversed on the law and the facts, without costs, and a new trial granted. It appears from the two documents signed on June 3, 1957, that the contract of employment was for a period of one year. However, the provisions of section 593 of title 46 of the United States Code bar a recovery by a seaman for wages subsequent to termination of employment where his services terminate before the period contemplated in the agreement "by reason of the loss or wreck of the vessel". Plaintiff has admitted that the vessel became disabled and was unable to continue her voyage, and that he received payment for his services until August 16, 1957, the last day of his employment aboard the vessel after disablement. However, because of the trial court's exclusion of any testimony relating to the cause of disability, other than some testimony that the disablement was caused by boiler trouble, there was no finding or determination as to whether the termination of the voyage was caused by a peril of navigation within the meaning of the applicable statute (The Charles D. Lane, 106 F. 746). Moreover, the finding by the court that defendant promised plaintiff reassignment on the vessel upon its return to duty was not merely a determination of a question of law involving an interpretation of the employment contract, but was a finding of fact which should have been determined by the jury rather than the court. The trial court, therefore, erred in discharging the jury prior to rendering its decision. Beldock, P. J., Ughetta, Brennan, Rabin and Hopkins, JJ., concur.